**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

| | | |
|---|---|---|
| IN RE: AVANDIA MARKETING, SALES | : | MDL NO. 1871 |
| PRACTICES AND PRODUCTS | : | 07-MD-01871 |
| LIABILITY LITIGATION | : | |

_____

| | | |
|---|---|---|
| THIS DOCUMENT APPLIES TO: | : | HON. CYNTHIA M. RUFE |
| | : | |
| DONALD KNIGHT | : | CIVIL ACTION |
| _on behalf of himself and all others similarly_ | : | |
| _situated_ | : | |
| v. | : | |
| | : | |
| SMITHKLINE BEECHAM CORPORATION | : | |
| d/b/a GLAXOSMITHKLINE | : | NO. 07-4960 |

<u>**MEMORANDUM OPINION AND ORDER**</u>

**Rufe, J.**                                                    **September   7 ,  2011**

The plaintiff in this case is a former purchaser of the prescription diabetes drug Avandia.

Plaintiff does not allege that he has been physically injured as a result of taking Avandia; instead

he seeks a refund of any monies he paid for Avandia (including insurance co-pays) on behalf of a

class of similarly-situated individuals, although no class has been certified.  The defendant,

GlaxoSmithKline LLC ("GSK"), has filed a motion to dismiss. The motion will be granted.

**I.  BACKGROUND**

Plaintiff alleges that GSK promoted the use of Avandia to lower blood-sugar levels of

patients with Type 2 diabetes.  Plaintiff also alleges that taking Avandia significantly increases

the patient's chances of suffering a heart attack or susceptibility to other health risks, and that

GSK concealed the risks of Avandia use while promoting the drug's safety, efficacy, and

effectiveness through a fraudulent and deceptive marketing program.[1]  Although the amended complaint can be fairly read as alleging that Plaintiff purchased Avandia at some point (or at least alleges that Plaintiff would not have purchases Avandia but for GSK's alleged wrongful acts), Plaintiff does not allege that he ever took the drug, for how long he took it, or indeed, any facts other than that Plaintiff is a citizen of the state of Illinois.[2]

## II.  LEGAL STANDARD

Dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted is appropriate where a plaintiff's "plain statement" does not possess enough substance to show that plaintiff is entitled to relief.[3]  In determining whether a motion to dismiss is appropriate the court must consider those facts alleged in the complaint, accepting the allegations as true and drawing all logical inferences in favor of the non-moving party.[4]  Courts are not bound to accept as true legal conclusions couched as factual allegations.[5]  Something more than a mere possibility of a claim must be alleged; the plaintiff must allege "enough facts to state a claim for relief that is plausible on its face."[6]  The complaint must set forth direct or inferential allegations with regard to all the material elements necessary

---

[1] Am. Compl. ¶¶ 15, 12.

[2] Am. Compl. ¶ 7.

[3] Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007).

[4] ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir.1994); Fay v. Muhlenberg Coll., No. 07–4516, 2008 WL 205227, at *2 (E.D. Pa. Jan. 24, 2008).

[5] Twombly, 550 U.S. at 555, 564.

[6] Id. at 570.

to sustain recovery under some viable legal theory.[7]  The court has no duty to "conjure up unpleaded facts that might turn a frivolous action . . . into a substantial one."[8]

## III.  DISCUSSION

### A.  Fraudulent Misrepresentation

The elements of a claim of fraudulent misrepresentation in Illinois are: (1) a false statement of material fact; (2) knowledge or belief of the falsity by the party making it; (3) intention to induce the plaintiff to act; (4) action by the plaintiff in justifiable reliance on the truth of the statement; and (5) damage to the plaintiff resulting from that reliance.[9]  Plaintiff has failed to allege justifiable reliance, as the complaint does not allege any specific misrepresentations relied upon by the plaintiff or his prescribing physician, which is fatal to the common-law fraud and misrepresentation claim.

### B.  Illinois Consumer Fraud Act

To state a cause of action under the Illinois Consumer Fraud Act[10], a private plaintiff must allege that: (1) a deceptive act or unfair practice occurred, (2) the defendant intended for plaintiff to rely on the deception, (3) the deception occurred in the course of conduct involving trade or commerce, (4) the plaintiff sustained actual damages, and (5) such damages were

---

[7] Id. at 562.

[8] Id. (citing McGregor v. Indus. Excess Landfill, Inc., 856 F.2d 39, 42–43 (6th Cir.1988)).

[9] Bonhomme v. St. James, 945 N.E.2d 1181, 1185 (Ill. App. Ct. 2011).

[10] 815 ILCS § 505/1.

3

proximately caused by the defendant's deception.[11]  Claims that are based on "a course of fraudulent conduct" are subject to the heightened pleading standard of Rule 9(b).[12]  To comply with that standard, the plaintiff must allege the "identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff."[13]  Plaintiff has not alleged that any misrepresentations were communicated to him or to his prescribing physician or that either of them relied upon the alleged misrepresentations, which means that he has not alleged either actual damages or, more significantly, proximate cause.[14]

  Plaintiff also alleges that GSK engaged in unfair, as opposed to fraudulent, conduct in violation of the Illinois statute.  To determine whether the practice is unfair, the Court must consider "(1) whether the practice offends public policy; (2) whether it is immoral, unethical, oppressive, or unscrupulous; [and] (3) whether it causes substantial injury to consumers."[15]  Claims alleging unfair conduct are assessed under the standard of Federal Rule of Civil Procedure 8, not 9(b), and not all three criteria must be alleged.[16]  However, the plaintiff must

---

[11] <u>Dubey v. Pub. Storage, Inc.</u>, 918 N.E.2d 265, 277 (2009).

[12] <u>Borsellino v. Goldman Sachs Group, Inc.</u>, 477 F.3d 502, 507 (7th Cir. 2007).

[13] <u>Gen. Elec. Capital Corp. v. Lease Resolution Corp.</u>, 128 F.3d 1074, 1078 (7th Cir. 1997).

[14] <u>See</u> <u>Begley v. Bristol-Myers Squibb Co.</u>, 2009 WL 5216967 (D.N.J. Dec. 30, 2009) (applying Illinois law).

[15] <u>Robinson v. Toyota Motor Credit Corp.</u>, 775 N.E.2d 951, 960 (Ill. 2002).

[16] <u>See</u> <u>Windy City Metal Fabricators & Supply, Inc. v. CIT Tech.Fin.Servs. Inc.</u>, 536 F.3d 663, 670 (7th Cir. 2008).

allege causation:  that he was harmed and that Defendant's conduct caused him harm.[17]  Because Plaintiff does not allege any facts to support the bare allegation that Defendant's conduct harmed him, no claim has been stated.

### C.  Unjust Enrichment

 "[I]n order to recover under a theory of unjust enrichment, a plaintiff must allege that the defendant unjustly retained a benefit to the plaintiff's detriment and that the defendant's retention of the benefit violates fundamental principles of justice, equity, and good conscience."[18]  A claim of unjust enrichment "is not a separate cause of action that, standing alone, will justify an action for recovery."[19]  Because Plaintiff's fraudulent misrepresentation and ICFA claims fail to state a cause of action, the unjust enrichment claim fails as well.[20]

### D.  Pennsylvania Unfair Trade Practices and Consumer Protection Law

Plaintiff also alleges violations of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL").[21]  The complaint alleges that GSK misrepresented the safety and efficacy of Avandia and thereby violated the statute, which prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce,"[22]

---

[17] Siegel v. Shell Oil Co., 612 F.3d 932, 937 (7th Cir. 2010).

[18] Coy Chiropractic Health Ctr., Inc. v. Travelers Cas. & Sur. Co., --- N.E.2d ----, 2011 WL 901991 at *5 (Ill. App. Ct. Mar. 14, 2011).

[19] Martis v. Grinnell Mut. Reinsurance Co., 388 Ill. App. 3d 1017, 329 Ill. Dec. 82, 905 N.E.2d 920, 928 (2009) quoted in Siegel, 612 F.3d at 937.

[20] Siegel, 612 F.3d at 937.

[21] 73 Pa. Stat. §§ 201-1 et seq.

[22] Id. § 201-2.

5

including a "catch-all provision" that bars "[e]ngaging in any . . . fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding."[23]

GSK argues that the UTPCPL does not apply to prescription drugs because the learned intermediary doctrine interposes the prescribing physician between the patient and the pharmaceutical company, and that even if the statute did apply, Plaintiff has not alleged the elements of a UTPCPL claim.

"Under the learned intermediary doctrine, the drug manufacturer owes a duty of disclosure to the prescribing physician, but it is then the duty of the prescribing physician to communicate any risks or other information about the drug to the patient."[24]  As courts have held, "the existence of the 'learned intermediary' doctrine in Pennsylvania makes it difficult, if not impossible, for plaintiffs to successfully bring a UTPCPL claim based on a prescription drug."[25]  Plaintiff argues that the doctrine does not bar his claims because Defendant 1) subverted the learned intermediary doctrine by providing deceptive information to physicians, so that the prescribing physicians were not "learned;" and 2) provided deceptive information directly to consumers.

Plaintiff has failed to allege any facts that would permit him to surmount the hurdle of the learned intermediary rule.  The complaint does not allege what information was provided to the (unidentified) prescribing physician, or upon what alleged misrepresentations the prescribing physician relied.  "[A] patient in Pennsylvania cannot justifiably rely on the prescription drug manufacturer; instead, it is the prescribing physician who provides the grounds for justifiable

---

[23] Id. § 201-2 xxi.

[24] Zafarana v. Pfizer, Inc., 724 F. Supp. 2d 545, 558 (E.D. Pa. 2010).

[25] Id. at 557.

6

reliance."[26]  No such reliance has been alleged.

Nor do Plaintiff's allegations that the drugs were directly marked to consumers overcome the learned intermediary rule.  "Media dissemination of information concerning the existence of these drugs does not enhance the public's ability to acquire them, as the skill and knowledge of the physician still must be brought to bear in a determination of whether the pharmaceutical is appropriate for the patient."[27]  Because Plaintiff could not obtain Avandia without a physician's prescription, and there are no allegations regarding the prescribing physician, the learned intermediary doctrine bars Plaintiff's claim.[28]

Even if the learned intermediary rule did not bar the claim, there are no allegations as to when or even whether Plaintiff took Avandia, for how long he took it, why or if he stopped taking it, what advertising materials or information Plaintiff relied upon (or even read), or how much Plaintiff paid for Avandia.  In short, Plaintiff's complaint as currently pleaded is a form complaint, without any information about the individual claim, and is insufficient to state a claim as to Plaintiff.  Plaintiff has not alleged justifiable reliance, causation, or injury.[29]  Because the claim will be dismissed on substantive grounds, the Court declines to address Defendant's argument that the Mr. Knight, an Illinois resident, has no standing to assert a claim under the Pennsylvania statute.

---

[26] Id.

[27] Albertson v. Wyeth, Inc., 63 Pa. D.&C. 4th 514 (Phila. Ct. Com. Pl. 2003) (citing Lennon ex rel. Lennon v. Wyeth–Ayerst Labs., Inc., No. 1793 EDA 2000, 2001 WL 755944, at *2 (Pa. Super Ct. June 14, 2001)).

[28] Smith v. Bristol-Myers Squibb Co., No. 3:06-cv-6053, 2009 WL 5216982, at *11 (D.N.J. Dec. 30, 2009).

[29] Hunt v. U.S. Tobacco Co., 538 F.3d 217 (3d Cir. 2008); Toy v. Metro. Life Ins. Co., 928 A.2d 186, 202 (Pa. 2007).

**IV. CONCLUSION**

Plaintiff's complaint fails to state any claim upon which relief can be granted.

Defendant's motion to dismiss will be granted without prejudice; Plaintiff may file an amended

complaint.

An appropriate order will be entered.